IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| United States of America § § § § | |
| § | Case No. 4:22-cr-00417-04 |
| v. § § § | |
| Crystal Haynie § § | |

# ORDER REVOKING RELEASE

On September 27, 2024, the Court held a hearing to determine whether Defendant Crystal Haynie violated conditions of his release and, if so, what the consequences should be. Based on the evidence, and as pronounced on the record, the Court concluded that Defendant's release must be revoked.

Under the controlling statute, a defendant's bond must be revoked if the court finds (1) either probable cause that the defendant committed a crime while on release, or clear and convincing evidence that the defendant violated some other condition of release; and (2) either the factors from Section 3142(g) indicate that there is no condition or combination of conditions that will reasonably assure that the defendant will not flee or pose a danger, or that the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b). In addition, a finding that probable cause exists to conclude that the defendant committed a crime while on release raises a

rebuttable presumption that there is no condition or combination of conditions that will assure that the defendant will not pose a danger to any person or the community. *Id.*

First, ample probable cause indicates that Defendant committed a crime while on release—specifically, the unlawful possession and use of methamphetamine. Most recently, Defendant admitting to using methamphetamine on September 1, 2024. That use occurred less than 48 hours after Defendant was released on August 30, 2024 from a month-long residential treatment program. The Court had directed her to participate in that program because of Defendant's repeated prior violations of release by using methamphetamine, coupled with her ongoing mental health issues. *See* Dkt. 144 (July 26, 2024 order directing Defendant to participate in an inpatient therapy program for mental health and substance abuse). Indeed, this is the <u>fourth</u> such petition alleging similar illicit drug use. *See* Dkt. 123 (multiple positive tests in April 2024 and admission to an inpatient facility in May 2024); Dkt. 137 (another positive test in May 2024 and inpatient treatment from May 25 to June 5, 2024); Dkt. 144 (positive test on June 25, 2024 and admitted use of methamphetamine); Dkt. 147 (current petition).

Moreover, clear and convincing evidence demonstrates that Defendant failed to abide by the home detention requirement. This Court's prior June 25, 2024 order restricted Defendant to home detention. *See* Dkt. 142 at 2. This

was an important restriction "designed to ensure [Defendant] does not continue to procure and use illicit substances." *Id.* Consistent with that directive, and upon being released from the residential treatment facility on August 30, 2024, Defendant was instructed by her Pretrial Officer to return to her residence. Rather than follow that directive, Defendant instead traveled to Houston, Texas without permission. And despite receiving and acknowledging the Pretrial Officer's messages that were sent to Defendant's GPS monitor, Defendant did not contact the Officer. Defendant's unauthorized departure to Houston plainly violated the home detention requirement.

Finally, even assuming that Defendant had rebutted the presumption that her release poses a risk of non-appearance and danger to the community, the Court nonetheless concludes that she is unlikely to comply with her conditions of release. Defendant has had multiple chances. All of them have been for naught.

On May 21, 2024, the Court allowed Defendant to remain on bond, notwithstanding Defendant's multiple positive drug tests and failures to attend mandated counseling sessions aimed at addressing her concurrent mental health and drug abuse problems. *See* Dkt. 147 at 1-2. On June 25, 2024, when confronted with Defendant's continued drug abuse, the Court opted to allow Defendant an opportunity to participate in group and individual therapy sessions. *See id.* at 2; *see also* Dkt. 1-2. And despite yet more evidence

3

that Defendant continued to use illicit drugs—and violated her home detention restriction by leaving her residence on July 21, 2024—the Court directed Defendant to participate in another residential treatment program. Dkt. 144 at 3-4 (concurring with recommendation). Yet, as described above, Defendant immediately violated her release by using methamphetamine and leaving her residence without permission upon completing that month-long program. There is no reason to believe that Defendant will comply with those restrictions if she were to remain on bond.

Defendant maintains that her recent acquisition of a mobile phone will facilitate communication with her Pretrial Officer, instead of relying on her use of someone else's phone. That does not excuse or otherwise mitigate Defendant's repeated use of illegal drugs and her violation of home detention restrictions. Defendant also asserts that transportation issues have impeded her access to needed care. But Defendant plainly has access to transportation to places she chooses to go. This is evident from her unauthorized departures from her residence on multiple occasions, including most recently when she came to Houston without permission. She also has some means to travel and procure the illicit drugs that she has consumed.

Ultimately, Defendant's multiple rounds of extended inpatient treatment and ongoing outpatient counseling sessions have not curtailed her substance abuse. At this point, the Court has exhausted every reasonable

option to help Defendant address her addiction and mental health issues. But both conditions have continued unabated. And regretfully, both strongly indicate that Defendant is unlikely to abide by the conditions of her release.

It is therefore **ORDERED** that Defendant Crystal Haynie's pre-trial release (Dkt. 104) be **REVOKED**, and that Defendant be **DETAINED** pending trial.

Signed on September 27, 2024 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge