United States District Court
Southern District of Texas

**ENTERED**

February 06, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| United States of America | § § § § | |
| v. | § § | Crim. No. 4:22-cr-00417-04 |
| Crystal Haynie | § § § | |

## ORDER DENYING RECONSIDERATION OF DETENTION

On December 26, 2024, Defendant Crystal Haynie filed a motion seeking reconsideration of the Court's September 27, 2024 Order (Dkt. 150) revoking her release.  *See* Dkt. 154.  According to her motion, Defendant has been accepted to reside at Hope House, a sober living home for women in Bastrop, Texas, starting in January 2025.  *Id.* at 1.  She asserts that the rules and regulations of Hope House's 12-month program would ensure that Defendant adheres to all bond conditions.  *Id.* at 2.  The Government opposes Defendant's request for reconsideration.

Although Haynie's repeated drug use was a significant factor that led this Court to revoke her bond, it was not the only consideration.  Instead, she failed to participate in court-mandated counseling sessions designed to address her mental health and drug abuse issues and violated both her home detention restrictions and the directives of her Pretrial Officer by traveling to other

locations.  *See* Dkt. 150 at 2-4.  As detailed in the revocation order, Haynie has already undergone multiple rounds of extended inpatient treatment.  Yet she continued violating conditions of release by lapsing and using illicit drugs, sometimes within mere hours of being released from inpatient care.  The Court cannot conclude that Defendant would do any better if she were released at this point.

Moreover, as Defendant stated and the Court observed multiple times at prior hearings, Defendant's mental health issues are the driver behind her acts of self-medicating by taking illicit drugs.  Nothing in Defendant's motion indicates that Hope House provides the type of mental health treatment that would address Defendant's underlying mental health conditions.

In short, the Court finds that Defendant's latest proposal does not materially alter the fact that Defendant is unlikely to abide by any condition or combination of conditions designed to reasonably assure that she would not commit new offenses if she were released.  *See* 18 U.S.C. § 3142(f)(2) (standard for reopening detention hearing).  As a result, it is **ORDERED** that Defendant's motion for reconsideration (Dkt. 154) be **DENIED**.

Signed on February 6, 2025, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

2